FILED
2012 Mar-26  AM 09:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWEST DIVISION

| | |
|---|---|
| Linda F. Taylor, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 4:10-CV-3587-LSC |
| | ] |
| MICHAEL J. ASTRUE, | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

## I.    Introduction

The plaintiff, Linda F. Taylor, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a Period of Disability, Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Ms. Taylor timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Taylor was sixty-two years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a twelfth grade education. (Tr. at 442; Doc.

11 at 1.)  Her past work experiences include employment as a dietary aide, cashier, and telephone answering clerk.  (*Id.* at 18.)  Ms. Taylor claims that she became disabled on August 4, 2005, due to chronic back and neck pain, severe breathing problems, depression and anxiety.  (Doc. 11 at 1.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20

C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Taylor meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 14.) He further determined that Ms. Taylor has not engaged in substantial gainful activity since the alleged onset of her

disability.  (*Id.*)  According to the ALJ, Plaintiff's dysphagia, sarcoidosis, and status post cervical fusion are considered "severe" based on the requirements set forth in the regulations.  (*Id.*)  However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  (*Id.* at 15.)  The ALJ did not find Ms. Taylor's allegations to be totally credible, and he determined that she has the residual functional capacity to perform medium work or work which requires maximum lifting of 50 pounds and frequently lifting or carrying up to 25 pounds, can sit, stand, and walk six hours in eight hour workday, as defined in 20 CFR 404.1567(c) and 416.967(c), but should avoid exposure to extreme heat and cold, fumes, odors, dusts, gases, and poor ventilation; she is unable to work around unprotected heights or dangerous moving equipment and cannot use ladders, ropes, or scaffolds; she cannot work around bodies of water that could be fallen into; and she must avoid noisy work environments due to having difficulty communicating. (*Id.* at 16.)

According to the ALJ, Plaintiff "is able to perform [her past relevant work as a telephone answering clerk] as actually and generally performed."  (*Id.* at 18.) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability,

as defined in the Social Security Act, from August 4, 2005 through the date of [the ALJ's] decision." (*Id.* at 19.)

Plaintiff sought judicial review of her disability claims in Federal Court after the Appeals Council denied her request for review. *See Taylor v. Astrue*, No. 4:08-cv-01900-CLS. However, while her appeal was still pending, Plaintiff filed a second set of disability applications on October 7, 2008, and received a subsequent favorable decision from the Disability Determination Service ("DDS"). (Tr. at 458) The DDS determined that Plaintiff was disabled for the period beginning on April 1, 2008. (*Id.*) The Commissioner moved to remand the case to the Agency, and the District Court granted this motion on February 11, 2009, ordering the Appeals Council to reconcile the discrepancy between the ALJ's decision and the DDS's determination. (Tr. at 457-60.)

On remand, the Appeals Council adopted the ALJ's statements regarding the pertinent provisions of the Social Security Act, Social Security Administration Regulations, Social Security Rulings and Acquiescence Rulings, the issues in the case, and the evidentiary facts. (Tr. at 453.) The Appeals Council did not adopt the ALJ's findings or conclusions regarding whether Plaintiff was disabled for the period beginning on April 1, 2008. (*Id.*) The Appeals Council agreed with the ALJ's findings

that Plaintiff has not engaged in substantial gainful activity since August 4, 2005, that she has severe impairments which do not meet or equal in severity an impairment in the section Listing of Impairments, and that she is capable of performing her past relevant work as a telephone answering clerk for the period prior to April 1, 2008. (*Id.*) Due to the nature of Plaintiff's impairments and hospitalization from October 16, 2008, through October 23, 2008, the Appeals Council agreed with the findings of the DDS in connection with Plaintiff's subsequent claim, and found Plaintiff disabled as of April 1, 2008. (*Id.* at 454.)

## II.   Standard of Review

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.*  "The

substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.  Discussion

Ms. Taylor alleges that the Appeals Council's decision should be reversed and remanded for three reasons.  First, she believes that the subsequent favorable decision requires either a favorable decision by the Appeals Council or a new ALJ hearing to determine if the two inconsistent decisions can be reconciled. (Doc. 11 at 12.)  Second,

Plaintiff contends that the ALJ failed to provide sufficient reasons supported by substantial evidence for his finding that her subjective testimony is not credible. (*Id.* at 18.) Third, Plaintiff contends that the denial is not supported by substantial evidence. (*Id.* at 19.)

### A.    Subsequent Favorable Decision

Plaintiff alleges that the subsequent favorable decision she received by the DDS requires either a favorable decision by the Appeals Council or a new ALJ hearing to determine if the ALJ's original finding — that Plaintiff is not disabled — can be reconciled with the DDS's determination that Plaintiff has been disabled for the period beginning on April 1, 2008. Specifically, she alleges that the Appeals Council failed to specifically consider and adequately address, pursuant to the Hearings, Appeals, and Litigation Law Manual ("HALLEX"), whether the DDS's subsequent favorable decision could be reconciled with the ALJ's denial of benefits when the primary issue of the ALJ's denial of benefits was the credibility of Plaintiff.

It is not uncommon for a claimant, while awaiting judicial review of a final decision of the Commissioner, to file a subsequent claim for disability benefits. If a subsequent claim is allowed, however, while a prior claim is pending in court, HALLEX instructs the Appeals Council to determine the effect of the allowance on

the previous claim. HALLEX 1-4-2-101, 2005 WL 2542608. When deciding whether a prior ALJ denial and a subsequent allowance can be reconciled, the Appeals Council is required to consider all of the evidence in the Social Security Administration's possession. *Id.* Different outcomes can be reconciled when the evidence in the Administration's possession is consistent both with the ALJ denial and the subsequent allowance. *Id.*

In this case, the Appeals Council was directed on remand by a court order to reconcile the inconsistent findings of the ALJ's decision and the DDS's determination. (Tr. at 453.) After considering the subsequent favorable claim, the Appeals Council found that, effective April 1, 2008, the severity of Plaintiff's impairments met the criteria listed in section 5.05A of 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listing of Impairments"), and had precluded her from engaging in substantial gainful activity for at least twelve months. (*Id.* at 454.) The Appeals Council further found that, prior to April 1, 2008, Plaintiff had the residual functional capacity to perform her past relevant work as a telephone answering clerk. (*Id.*) Thus, the Appeals Council reconciled the inconsistent decisions and found Plaintiff disabled for the period beginning on April 1, 2008.

Plaintiff contends that this court should remand the claim back to the Appeals Council to consider whether the subsequent favorable decision can be reconciled with the denial of benefits when the issues of the denial were credibility of Plaintiff and credibility of the treating physician. (Doc. 11 at 17; Doc. 19 at 7.) Contrary to Plaintiff's contention, however, the credibility of the treating physician was not at issue in the determination, only Plaintiff's credibility. (Tr. at 16.) Furthermore, The Appeals Council adequately addressed the inconsistency between the ALJ's finding that Plaintiff's testimony was not credible, and the DDS's determination that Plaintiff was disabled beginning on April 1, 2008. (*Id.* at 453-55.)

The Appeals Council noted that, due to the nature of the Plaintiff's impairments and hospitalization from October 16, 2008 through October 23, 2008, her impairments met or equaled the level of severity of an impairment in the Listing of Impairments, effective six months prior to the hospitalization. (*Id.* at 454.) This would satisfy step three of the five-step sequential evaluation process for determining whether an individual is disabled. Because step three was satisfied for the period beginning on April 1, 2008, Plaintiff is disabled for that period regardless of her credibility.

However, prior to her hospitalization, Plaintiff's impairments were relatively stable, and did not meet the criteria in the Listing of Impairments. (*Id.*) Thus, step three was not met prior to April 1, 2008, and the sequential evaluation process would move on to step four, requiring a determination of Plaintiff's credibility. Because the Appeals Council agreed with the ALJ's findings under step four of the sequential evaluation for the period prior to April 1, 2008, the Appeals Council found that the Plaintiff's testimony regarding her symptoms was not credible. (*Id.* at 453.)

Thus, the inconsistency, as it relates to Plaintiff's credibility, was properly reconciled by the Appeals Council, because the evidence in the record is consistent with the ALJ's denial of benefits due to his finding that Plaintiff's testimony was not credible and the DDS's finding of disability for the period beginning on April 1, 2008.

Because the Appeals Council properly considered the DDS' determination of disability for the period beginning on April 1, 2008, an additional remand is not necessary to address this issue.

## B.     Substantial Evidence to Support ALJ's Determination of Plaintiff's Credibility

Plaintiff alleges that the ALJ's decision should be reversed and remanded because she believes that the ALJ failed to articulate reasons for refusing to credit her

pain testimony that were supported by substantial evidence. (Doc. 11 at 18.) Specifically, she alleges that the ALJ's explanation for finding her testimony not credible was inadequate as a matter of law. (*Id*. at 19.)

A claimant's subjective testimony of pain and other symptoms will support a finding of  disability if it is supported by medical evidence that satisfies the pain standard and is not discredited by the ALJ.  *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  To satisfy the pain standard, a claimant must show "evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that it can reasonably be expected to give rise to the alleged pain."  *Id*. at 1560; *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

Once the pain standard is satisfied, the ALJ must consider a claimant's subjective testimony of pain and other symptoms. *Foote*, 67 F.3d at 1560; *see also Minter v. Astrue*, 722 F. Supp. 2d 1279, 1282 (N.D. Ala. 2010) (finding that "if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited."). If the ALJ discredits the claimant's subjective testimony of pain and other symptoms, he must

articulate explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). "Although [the Eleventh Circuit] does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court." *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). The ALJ is not required to cite "particular phrases or formulations" in his credibility determination, but it cannot be a broad rejection that is insufficient to enable this court to conclude that the ALJ considered the claimant's medical condition as a whole. *Id.*

In this case, the ALJ found that Plaintiff's objectively determined medical conditions could reasonably be expected to cause the alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. (Tr. at 16.) The ALJ articulated explicit reasons for discrediting Plaintiff's subjective testimony, relying on the State Agency physician's opinion, Plaintiff's medical records, and her daily activities.

### 1.    State Agency Physician's Opinion

In making his determination regarding Plaintiff's subjective complaints of pain and other symptoms, the ALJ first looked to the State Agency physician's opinion. The State Agency physician who reviewed Plaintiff's medical file opined that, although the impairments established by the evidence result in functional restrictions, Plaintiff "retains the residual functional capacity required to perform a range of work in the medium exertional category, avoid concentrated exposure to extreme heat or cold and fumes, odors, dusts, gases and poor ventilation." (Tr. at 17.) The ALJ agreed with the State Agency physician's ultimate conclusions, giving significant weight to his opinion in light of all the evidence. (*Id.*) The State Agency physician's opinion is substantial evidence on record to support the ALJ's determination that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the residual functional capacity assessment.

### 2.    Plaintiff's Medical Records

The ALJ also looked to the Plaintiff's medical records in making his determination. Although Plaintiff alleged breathing problems, her November 18, 2005, Pulmonary Function Study showed she had a FEV1 of 2.29 liters (Tr. at 17, 322-26.)

She was diagnosed with mild chronic obstructive pulmonary disease. After complaining of a choking sensation and neck discomfort on October 11, 2005, an endoscopy and barium swallow test was completed with normal results. (*Id.* at 18, 351.)

Plaintiff also alleges disability due to sarcoidosis. She has had multiple skin tags, but they were removed and did not return for two years. (*Id.* at 18, 304.) Additionally, Dr. Baum, Plaintiff's treating physician, noted that her condition "did not justify any type of disability for these benign lesions." (*Id.*)

Dr. Henry Born performed a consultative examination of Plaintiff at the request of the administration on November 1, 2005. (*Id.* at 18, 318-320.) He opined that her biggest problem was sarcoidosis. (*Id.* at 18, 320.) His examination revealed that Plaintiff's lungs were clear with good breath sounds, no shortness of breath, and no wheezes, rhonchi, or rales. (*Id.* at 18, 319.) Her upper and lower extremities had normal multiple strength as well as a normal grip strength with normal finger and hand dexterity bilaterally. (*Id.*) Although she had some tenderness, there was a normal range of motion of the cervical spine. (*Id.*) She also had a normal range of motion at the shoulders, elbows, wrists, hands, and the fingers. (*Id.*) There was no pain, swelling or errythema, tenderness, or bogginess noted at any of these joints. (*Id.*) Examination of

the lumbar spine revealed that Plaintiff had good posture. (*Id.*) There was normal range of motion at both of her hips and at the knees, but she may have had a little tenderness at the right knee. (*Id.*) An x-ray was obtained of the right knee demonstrating no abnormalities. (*Id.* at 18, 320.)

As the Plaintiff's medical records demonstrate, there is substantial evidence on record to support the ALJ's determination that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the residual functional capacity assessment.

### 3.    Plaintiff's Daily Activities

Finally, the ALJ also considered Plaintiff's daily activities in making his determination. While the ALJ cannot use daily activities alone to ascertain whether a claimant is disabled, the ALJ must consider the entire record, including a claimant's activities, to make a finding on credibility. 20 CFR § 416.929(c)(3) ("Factors relevant to your symptoms, such as pain, which we will consider include: (i) Your daily activities . . . ."); *see also Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (finding that "participation in everyday activities, such as housework or fishing" does not alone disqualify one from disability).

In this case, Plaintiff's daily activities include washing dishes, watching television, and reading. (Tr. at 17.) She does very little housework, is unable to do yard work, has stopped driving, but is able to prepare a sandwich for herself. (*Id.*) In determining that Plaintiff's testimony lacked credibility, the ALJ properly considered these daily activities in determining her residual functional capacity.

Contrary to Plaintiff's assertions, this was not a broad rejection of her credibility; rather, the ALJ properly considered all the evidence, and articulated several reasons, supported by substantial evidence, for discrediting Plaintiff's testimony. This court will not substitute its judgment for that of the ALJ's when, as here, it is supported by substantial evidence.

## C.  Substantial Evidence to Support Denial of Benefits

Plaintiff alleges that the Vocational Expert's ("VE") testimony is not substantial evidence because it is based on an inaccurate and incomplete hypothetical; therefore, according to Plaintiff, the ALJ's denial is not supported by substantial evidence, and should be reversed and remanded. Specifically, she alleges that the hypothetical posed to the VE by the ALJ failed to consider her breathing problems, pain, depression, and anxiety.

Ordinarily, testimony is not necessary at step four of the five-step sequential evaluation process — determining whether a claimant can perform past relevant work. *Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990). However, "the services of vocational experts . . . may be used in making this determination because such an expert may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work . . . ." 20 C.F.R. § 404.1560(b)(2). This is especially true in cases where a claimant cannot perform a full range of work at a given level of exertion or the claimant's work skills are significantly limited by non-exertional impairments. *See Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (determining that, in such cases, testimony is the preferred method of determining if a claimant can perform other work).

A VE's testimony will only constitute substantial evidence if the ALJ poses a hypothetical question which comprises all of a claimant's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). The hypothetical does not need to include every symptom of the claimant, only her impairments. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (holding hypothetical was proper when ALJ failed to include that the plaintiff suffered fatigue, insomnia, anxiety, and depression, because these characteristics were either not supported by medical

records or were alleviated by medication). An ALJ is "not required to include findings in the hypothetical that [he] had properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). If an ALJ relies exclusively on a 's testimony in determining that a claimant can return to her past relevant work, it will not be regarded as harmless error if the hypothetical question given to the was incomplete. *See Dial v. Comm'r of Soc. Sec.*, 403 F. Appx. 420 (11th Cir. 2010) (determining that error was not harmless when ALJ posed incomplete hypothetical and relied exclusively on testimony of in concluding claimant could return to past relevant work, even though ALJ could have relied on other evidence in making his determination).

In this case, the ALJ relied exclusively on the VE's testimony in determining that Plaintiff could return to her past relevant work as a telephone answering clerk. Because of this exclusive reliance, if the VE's testimony is not substantial evidence, then the ALJ's error in relying on it cannot be regarded as harmless error. Therefore, the ALJ must have included all of Plaintiff's impairments in the hypothetical he posed to the VE, leaving out only the alleged symptoms that he properly rejected as unsupported by medical records or alleviated by medication.

### 1.     Breathing Problems

Plaintiff alleged breathing problems, but, as the ALJ noted, a Pulmonary Function Study showed she had a FEV1 of 2.29 liters. (Tr. at 17, 322.) Furthermore, Dr. Born found that her lungs were clear with good breath sounds, no shortness of breath, and no wheezes, rhonchi, or rales. (*Id.* at 18, 319.) Plaintiff's alleged breathing problems are not supported by medical records, and the ALJ properly rejected her symptoms as an impairment; therefore, the ALJ was not required to include Plaintiff's breathing problems in the hypothetical question addressed to the VE.

### 2.    Pain

As described in section III.B, *supra*, Plaintiff's subjective pain testimony was properly discredited by the ALJ under the Eleventh Circuit pain standard. Furthermore, Plaintiff testified that she took over the counter pain medication therapy Aleve, and the medical evidence demonstrates significant improvement in her pain levels following her cervical fusion and physical therapy. (Tr. 17, 130-33, 231-49, 351-53, 433.) Because the ALJ properly rejected her alleged symptoms of pain, and because alleged pain was alleviated by medication, surgery, and therapy, he was not required to include Plaintiff's pain in the hypothetical question addressed to the VE.

### 3.    Depression and Anxiety

Plaintiff alleges that she has mental limitations from depression and anxiety, but, as the ALJ noted, a Psychiatric Review Technique form, completed by Dr. Frank Nuckols, concluded after a review of the medical evidence of record that even though Plaintiff had some mental limitations, it did not interfere with her ability to work. (Tr. at 15, 349.) Furthermore, Plaintiff is on medication and is taking Xanax for her anxiety. (*Id.* at 349.) She stated to Dr. Nuckols that when she takes her medicine she is fine. (*Id.*) The ALJ assigned significant weight to Dr. Nuckols' testimony in determining that Plaintiff's mental limitations are non-severe. (*Id.* at 15.) Because the ALJ properly rejected Plaintiff's allegations of mental impairment, he was not required to include depression and anxiety in the hypothetical question addressed to the VE.

Because the ALJ was not required to include Plaintiff's symptoms of breathing problems, pain, depression, and anxiety, the hypothetical posed to the VE included all of Plaintiff's impairments. Thus, the ALJ relied on substantial evidence in

determining that Plaintiff could return to her past relevant work, and Plaintiff was therefore not disabled prior to April 1, 2008.

**D.      Conclusion**

Upon review of the administrative record, and considering all of Plaintiff's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this 26th day of March 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167458